UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN LEE BURNS,

    Plaintiff,

v.                                    Case No. 1:23cv204-MW-HTC

COASTAL CREMATION INC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Kevin Lee Burns, a self-described "mentally ill" plaintiff proceeding *pro se*, initiated this action by filing a 2-page document titled "Notice of Intent to Sue Filed By A Schizo Petitioner." ECF Doc. 1. From what the Court can discern, Plaintiff seeks to (1) recover an unspecified amount of "Coastal Cremations" stock, which he allegedly bought from his mother, Defendant Cheryl Gooldin, using funds from his inmate account, and (2) for the SEC to conduct an investigation into "failing to provide a mentally ill stock holder with records of his investment." ECF Doc. 1 at 1–2. Because Plaintiff's filing is nonsensical and fails to establish the Court's subject-matter jurisdiction over his purported claims, the undersigned recommends the case be dismissed without prejudice.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). This is because federal courts are courts of limited subject-matter jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Absent a grant of such jurisdiction, a federal court is "powerless" to consider the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* If, at any time, the court determines it lacks subject-matter jurisdiction, the court must dismiss the action without prejudice. Fed. R. Civ. P. 12(h)(3).

Generally, district courts have subject-matter jurisdiction over only two types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff bears the burden of establishing subject-matter jurisdiction on the face of the complaint. *See* Fed. R. Civ. P. 8(a)(1) (providing that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). To invoke federal-question jurisdiction Plaintiff must plead "a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. Diversity jurisdiction requires that

(1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, even assuming Plaintiff's "notice of intent to sue" could be construed as a complaint, his scant, conclusory allegations do not establish the existence of either federal-question or diversity jurisdiction.

First, Plaintiff does not reference—and the Court cannot identify—any federal law which would entitle him to relief against the Defendants. Also, while Plaintiff purports to seek relief involving the SEC, he has not asserted a claim against the SEC and the SEC is not a party in this case. Regardless, he is not entitled to an investigation by the SEC. *See Watkins v. Sec. & Exch. Comm'n*, 2017 WL 11696404, at *4 (N.D. Ga. Jan. 23, 2017) ("[T]he Court cannot compel the SEC to take an 'action that is not demanded by law.'") (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66 (2004)).

Second, there are no facts establishing diversity jurisdiction. Plaintiff's notice does not contain any amount in controversy and he has failed to allege facts from which the Court could infer what that amount may be, if any. For example, Plaintiff does not state the amount of stock he seeks to "recover" or even on what basis he would be entitled to such recovery. Further, Plaintiff provides a Florida address for the Defendants as well as for himself. Thus, nothing in the filing indicates the Plaintiff and Defendants are domiciled in different states as is required to establish

diversity jurisdiction. *See, e.g.*, *Williams v. Jones,* 2012 WL 1192100, at *3 (M.D. Fla. Apr. 10, 2012) (no diversity jurisdiction where pleading failed to allege any amount in controversy and all parties were citizens of Florida).

Because Plaintiff has not established this case involves a question of federal law and there is no diversity jurisdiction, dismissal is warranted for lack of subject-matter jurisdiction.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to lack of subject-matter jurisdiction.

2. That all pending motions be terminated.

3. That the clerk close the file.

At Pensacola, Florida, this 22nd day of August, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:23cv204-MW-HTC